IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

RODERICK D. MAXWELL                                                                          PLAINTIFF
ADC #154561

v.                                      2:23-cv-00237-JM-JJV

STEPHAN LANE,
Captain, EARU; *et al.*                                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      SCREENING**

Roderick D. Maxwell ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Correction who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. ' 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id*.

1

When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

## II.    ALLEGATIONS

Plaintiff says that in August 2023, Defendants violated his constitutional rights when they filed false disciplinary charges against him, wrongfully found him guilty of those charges, and affirmed that decision. (Doc. 2.) As a result, Plaintiff lost good time credits, his class was reduced, and his commissary, phone, and visitation privileges were suspended for sixty days. (*Id.* at 10.) After careful consideration, I conclude Plaintiff has failed to plead a plausible § 1983 claim for several reasons.

First, Plaintiff says Defendant Disciplinary Hearing Officer Blake violated ADC rules by being biased in favor of Defendant Granville, who was the charging officer. Plaintiff also says Defendants violated several ADC rules by not getting the disciplinary charges approved by a supervisor or obtaining witness statements. And, although it is unclear, Plaintiff appears to be alleging one of the Defendants wrongfully rejected his grievances about the disciplinary convictions. However, a 1983 claim must be based on the violation of a constitutional right, and prisoners do not have a constitutional right to enforce compliance with internal prison rules including a grievance procedure. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, I find no plausible § 1983 claim stemming from these allegations.

Second, prisoners have a Fourteenth Amendment right to receive due process during prison disciplinary proceedings <u>only</u> if they implicate a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Spann v. Lombardi*, 65 F.4th 987 (8th Cir. 2023). Prisoners do not have a liberty interest in maintaining a particular classification level or in keeping commissary, phone, or visitation privileges. *Smith v. McKinney,* 954 F.3d 1075, 1082 (8th Cir. 2020); *Persechini v. Callaway*, 651 F.3d 802, 807, n. 4 (8th Cir. 2011). It is unclear whether Plaintiff has a federally protected liberty interest in maintaining his earned good time credits.[1] But even assuming he does, the proper vehicle for restoring his lost good time credits is a federal habeas action, after exhausting all available remedies in state court, and not a ' 1983 civil rights action. *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004); *Portley-El*, 288 F.3d 1063, 1066 (8th Cir. 2002). And holding applies when a prisoner seeks damages, in lieu of or in addition to the restoration of good time credits. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997). Thus, I find not plausible due process claim.

Finally, Plaintiff makes the conclusory allegation that he was retaliated against for speaking out about prison conditions. But he does not say when, by whom, or how. Thus, his vague allegation is not enough to plead a plausible retaliation claim. *See De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 804 (8th Cir. 2022) (elements of a plausible retaliation claim). Further, to the extent Plaintiff may be alleging the disciplinary charges were issued against him

---

[1] The Due Process Clause itself does not create a liberty interest in credit for good behavior. *Sandin v. Conner,* 515 U.S. 472, 477 (1995). The state's particular statutory scheme may create a federally protected right, or "liberty interest," in earning and maintaining good time credits if it uses mandatory language. *See Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974); *Sandin,* 515 U.S. at 477-79. The Arkansas Supreme Court has held that the Arkansas statutes do not create such a federally protected right. *Crawford v. Cashion*, 361 S.W.3d 268, 273 (Ark. 2010); *McKinnon v. Norris*, 31 S.W.3d 725, 729-730 (Ark. 2006). But, federal courts, which have the final say in interpreting the Constitution, have not yet ruled on the matter. *See Baker v. Carr*, 369 U.S. 186, 211 (1962).

for retaliatory reasons, that claim fails as a matter of law if the disciplinary conviction is supported by some evidence, which can be the charging officer's report standing alone, so long as the hearing officer has no retaliatory motive.  *See Spann v. Lombardi*, 65 F.4th 987 (8th Cir. 2023); *Sanders v. Hobbs,* 773 F.3d 186, 190 (8th Cir. 2014); *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008).   As previously mentioned, Plaintiff claims the disciplinary hearing officer was "biased" in favor of the charging officer.  But he does not say her finding of guilt was motivated by retaliation or otherwise provided enough facts to support a retaliation claim against her.  *See Hamner v. Kelley*, 737 F. App'x 801, 803 (8th Cir. Sept. 14, 2018).  For these reasons, I conclude the Complaint falls short of pleading a plausible retaliation claim.

### III.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal be counted, in the future, as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting this Recommendation would not be taken in good faith.

DATED this 2nd day of January 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE